77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
James Taylor DORSEY, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Taylor DORSEY, Defendant-Appellant.
 Nos. 94-30457, 94-30462.
 United States Court of Appeals, Ninth Circuit.
 Argued Nov. 17, 1995.
Submission Deferred Nov. 30, 1995.
Submitted Feb. 15, 1996.
Decided Feb. 20, 1996.
 
 Appeal from the United States District Court, for the District of Oregon, D.C. No. CR-94-00220-REJ; Robert E. Jones, District Judge, Presiding.
 D.Or.
 REVERSED IN PART, AFFIRMED IN PART, REMANDED.
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Taylor Dorsey was indicted under the National Firearms Act, 26 U.S.C. § 5861(d), for possession of an unregistered firearm. The district court dismissed, based upon its conclusion that prosecuting Dorsey under § 5861(d) violated Due Process, and the government appeals. Dorsey cross-appeals the district court's denial of Dorsey's motion to dismiss on the ground that the government failed to adequately instruct the grand jury, in violation of Dorsey's Fifth Amendment right to indictment by an independent and informed grand jury. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's dismissal of the indictment and remand, because prosecuting Dorsey under § 5861(d) does not violate Due Process. We affirm the district court's denial of Dorsey's motion to dismiss the indictment on the basis of failure to adequately instruct the grand jury because, as a matter of law, the instructions given to the grand jury were adequate.
 
 
 3
 * Dorsey contends that it is factually and legally impossible for him to comply with § 5861(d) because neither he nor anyone else could have succeeded in registering the explosives. Assuming that he is correct that the explosives were unregisterable, his argument fails because it was nonetheless possible for him to comply with the law.
 
 
 4
 This conclusion is dictated by Hunter v. United States, No. 93-56374 (9th Cir. Jan. 12, 1996), which held that the unregisterability of a firearm does not make compliance with § 5861(d) impossible. Id. at 288. Dorsey's argument to the contrary, made in reliance on United States v. Dalton, 960 F.2d 121 (10th Cir.1992), is unavailing because Hunter explicitly rejects the reasoning set forth in Dalton. Hunter, No. 93-56374, slip op. at 287-88. We therefore conclude that the district court erred in finding that prosecuting Dorsey under § 5861(d) violated Due Process.
 
 II
 
 5
 Dorsey also argues that one of the elements of § 5861(d) that the government must prove is the defendant's failure to register the firearm. He relies again on Dalton, which held that "the failure to register is a fundamental ingredient" of § 5861(d). Dalton, 960 F.2d at 124. The Dalton court's reading of § 5861(d), in turn, is based upon Haynes v. United States, in which the Supreme Court held that a former version of § 5861(d) "made possession of an unregistered firearm and failure to register separate offenses." Dalton, 960 F.2d at 123 (citing Haynes v. United States, 390 U.S. 85, 89 (1968)).
 
 
 6
 It is true that under the former version of § 5861(d), it was the responsibility of the person receiving possession of the firearm (Dorsey in this case) to register it. Under the current version of the law, however, registration is the responsibility of the person selling or giving away the firearm (Dorsey's "friend of a friend"). United States v. Freed, 401 U.S. 601, 603-04, 28 L.Ed.2d 356, 359, reh'g denied, 403 U.S. 912 (1971).
 
 
 7
 In any event, Dorsey's failure to register is undisputed. Accordingly, even if the government were required to prove failure to register, the government has met that burden in this case.
 
 III
 
 8
 Dorsey next argues that § 5861(d) is no longer constitutional because it was enacted under Congress's taxing power and the statute is not now used for taxation purposes. This argument was rejected in Hunter. See Hunter, No. 93-56374, slip op. at 288-89.
 
 IV
 
 9
 Dorsey suggests that his explosives were not really "firearms" within the meaning of 26 U.S.C. § 5861(d), because § 5861(d) applies only to military-type weapons. It will be up to the district court to determine on remand whether Dorsey's explosives were firearms within the meaning of the act. That determination will be controlled by United States v. Ruiz, No. 94-10436 (9th Cir. Jan. 11, 1996), which rejected the argument that § 5861(d) is limited to military weapons. Id. at 212. In addition, the government is not required to demonstrate that Dorsey intended to use the explosives as a weapon. Id. at 210. Rather, the government need only demonstrate that the explosives could be used as a weapon. Id. at 211.
 
 V
 
 10
 Dorsey cross-appeals the district court's denial of his motion to dismiss on the ground that his Fifth Amendment right to indictment by an independent and informed grand jury was violated. Dorsey argues that his indictment was tainted because the prosecutor referred to Dorsey's explosives as a "destructive device." Such a description, Dorsey argues, amounts to a directed verdict as to the characterization of the device. Without instructions regarding the definition of a destructive device, Dorsey contends, there was no way for the grand jury to reach an independent and informed conclusion as to whether there was probable cause that Dorsey's explosives met the definition.
 
 
 11
 In reviewing a grand jury indictment, we must be extremely deferential: "[A] grand jury indictment will not be dismissed unless the record shows that the conduct of the prosecuting attorney was flagrant to the point that the grand jury was 'deceived' in some significant way." United States v. Wright, 667 F.2d 793, 796 (9th Cir.1982) (citing United States v. Cederquist, 641 F.2d 1347, 1352-53 (9th Cir.1981)).
 
 
 12
 In essence, Dorsey is arguing that the grand jury should have received jury instructions similar to those given at the end of a trial. In United States v. Kenny, however, we held that such instructions are not required. 645 F.2d 1323, 1347 (9th Cir.1981) ("We are not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal instructions.").
 
 
 13
 Dorsey maintains that even if detailed instructions were not required, the grand jury must, at a minimum, be instructed as to the elements of the offense charged. In U.S. v. Larrazolo, 869 F.2d 1354 (9th Cir.1989), the defendant argued that his indictment should be dismissed because the prosecutor omitted the mens rea requirement from his definition of conspiracy. Id. at 1359. We held that there is "no duty to outline all the elements" of the offense charged, "so long as the instructions given are not flagrantly misleading or so long as all the elements are at least implied." Id. We further held that, even assuming the instructions were erroneous, "this court cannot reverse the trial court in the absence of actual prejudice to the defendant." Id.
 
 
 14
 In the instant case, the prosecutor's description of Dorsey's explosives as a "destructive device" was not prejudicial because even absent the prosecutor's statement, the grand jury had more than sufficient reason to conclude that Dorsey's explosives met the definition of a "destructive device." Accordingly, the district court did not err in denying Dorsey's motion to dismiss.
 
 VI
 
 15
 Because it was not impossible for Dorsey to comply with § 5861(d), the district court erred in dismissing the indictment and we reverse and remand. We affirm, however, the district court's denial of Dorsey's motion to dismiss the indictment for failure to adequately instruct the grand jury.
 
 
 16
 REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3